# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| GORDON GARRISON,<br><br>        Plaintiff,<br><br>vs.<br><br>NEW FASHION PORK LLP; and BWT HOLDINGS LLLC,<br><br>        Defendants. | No. 18-cv-3073-CJW-MAR<br><br>**MEMORANDUM OPINION AND ORDER** |

_____

This matter is before the Court on its own motion. In his original complaint, plaintiff sought to invoke this Court's federal question jurisdiction over three separate claims that purportedly arose under federal law (Doc. 1, at 4-9 (Resource Conservation and Recovery Act claim), 9-10 (Clean Water Act claim), 13-14 ("federal farm bill" claim)), and this Court's supplemental jurisdiction over a number of claims arising under state law. (*See* Doc. 1, at 4 (jurisdictional statement)). Plaintiff did not plead any other basis for this Court to exercise jurisdiction. Attached to this complaint was a notice of plaintiff's intent to sue defendants for violations of the Resource Conservation and Recovery Act ("RCRA") and the Clean Water Act, printed on plaintiff's counsel's letterhead and presumably mailed to defendants by plaintiff's counsel. (Doc. 1-1). Defendants filed a motion to dismiss plaintiff's claims. (Doc. 9). The Court dismissed plaintiff's RCRA and "federal farm bill" claims and gave plaintiff leave to amend his Clean Water Act claim to state a claim upon which relief may be granted. (Doc. 31).

Plaintiff timely filed an amended complaint that, in relevant part, attempted to cure the deficiencies in the Clean Water Act claim that existed under the original complaint. (Doc. 34). Attached to the amended complaint is another notice of intent to sue that

appears to bear the same substance as the notice that was attached to the original complaint, but the second notice is not printed on counsel's letterhead. (Doc. 34-3). Defendants brought a motion to dismiss the amended complaint, which is pending before the Court. (Doc. 39). After filing its amended complaint, plaintiff filed a motion for relief from the Court's Order dismissing the RCRA claim.[1] (Doc. 35). The Court has not yet ruled on that motion. Presently, then, the Court could only have jurisdiction over this case if the Clean Water Act claim vested this Court with federal question jurisdiction.

In its motion to dismiss the amended complaint, defendants argue that the Clean Water Act claim should be dismissed because plaintiff failed to give proper notice of an alleged Clean Water Act violation before bringing suit, as required by Title 33, United States Code, Section 1365. (Doc. 39-1, at 4-5). In its reply brief in support of its motion to dismiss, defendants assert that this is a jurisdictional argument and that because plaintiff failed to give proper notice, this Court lacks subject matter jurisdiction over the Clean Water Act claim. (Doc. 42, at 2). Defendants make two arguments as to the sufficiency of the notice that plaintiff provided. The first argument asserts that the only Clean Water Act violation plaintiff alleges occurred in 2018 and that plaintiff gave defendants no notice after this alleged violation but before plaintiff brought suit. The Court is not concerned, at this time, with whether plaintiff's complaint alleges that the first violation occurred in 2018. In drafting their supplemental briefs in accordance with the following instructions, the parties need not address this argument.

It is defendants' second argument that the Court requests the parties address through supplemental briefing. Defendants argue that the notice attached to the amended

---

[1] Plaintiff styled his motion as one to alter or amend judgment under Federal Rule of Civil Procedure 59(e). The motion is, however, more properly considered under Rule 60(b) because the Order from which plaintiff seeks relief would have become a final order only if plaintiff had not amended his complaint. *See Nelson v. Am. Home Assurance Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012).

complaint does not "provide any of the required details regarding any alleged [Clean Water Act] violations . . . ." (Doc. 39-1, at 4). Defendants do not explain, specifically, which "details" are lacking. Title 40, Code of Federal Regulations, Section 135.5, which defendants cite, sets forth the information to be included in a notice of an alleged violation of the Clean Water Act. *See Comfort Lake Ass'n, Inc. v. Dresel Contracting, Inc.*, 138 F.3d 351, 355 (8th Cir. 1998) (citing 40 C.F.R. § 135.3 to support the proposition: "A citizen suit is limited to violations that are closely related to and of the same type as the violations specific in the notice of intent to sue."). In its opening brief, defendants are directed to identify, with specificity, which "details" are erroneously lacking from the notice. Further, defendants are directed to explain why the information that is contained within the notice is insufficient to meet the requirements of Title 40, Code of Federal Regulations, Section 135.5.

In its resistance to the pending motion to dismiss, plaintiff states that the notice contains counsel's contact information, as required by Title 40, Code of Federal Regulations, Section 135.5(c). (Doc. 40, at 3). As explained above, however, the notice that was attached to the amended complaint was not printed on counsel's letterhead. Counsel's contact information is not located anywhere else in the notice. The notice attached to the amended complaint is not signed, whereas the notice attached to the original complaint is signed. This could indicate that the notice attached to the amended complaint was reprinted but is not a copy of the notice that was actually sent to defendants. In submitting its responsive brief, plaintiff is directed to attach a copy of the notice that was actually sent to defendants. If plaintiff did not retain a copy of the original notice for his records and, thus, cannot produce a copy of the original notice, plaintiff is directed to state as such in his responsive brief.

More importantly, however, is whether the requirement to provide notice of an alleged Clean Water Act violation before initiating suit is jurisdictional in nature, as

opposed to merely a condition precedent. As set forth above, attached to plaintiff's original complaint was a copy of a notice that was presumably mailed to defendants, and the notice that is attached to plaintiff's amended complaint appears to contain the same substance, without having been printed on letterhead. Thus, aside from the absence of counsel's contact information, defendants could have raised the same arguments as to the original notice they now raise against the notice attached to the amended complaint. In their first motion to dismiss, defendants did not raise any arguments as to the notice.

If a defense is not raised against an initial complaint, that defense is not resurrected merely because an amended complaint is filed. *Ne. Iowa Ethanol, L.L.C. v. Glob. Syndicate Int'l, Inc.*, 247 F. App'x 849, 850 (8th Cir. 2007) (citations omitted) (reaching this holding in the context of a personal jurisdiction defense). An argument that the Court lacks subject matter jurisdiction to hear a case may, however, be raised at any time. FED. R. CIV. P. 12(h)(1), (3). If the giving of a proper notice under Title 33, United States Code, Section 1365(b)(1)(A) is merely a condition precedent to bringing suit, defendants' failure to raise that argument in response to the original complaint acted as a waiver of the right to argue, at the motion to dismiss stage, that plaintiff failed to satisfy that condition precedent. If, however, the giving of a proper notice is a jurisdictional requirement that must be met before a federal court can exercise subject matter jurisdiction over a Clean Water Act claim, defendants maintain the right to raise that argument at any time, including in its motion to dismiss the amended complaint.

There is a split in authority on whether the Clean Water Act's notice requirement is jurisdictional in nature, as opposed to a condition precedent. The United States Supreme Court was faced with this exact question in the RCRA context.[2] *Hallstrom v. Tillamook Cty.*, 493 U.S. 20, 31 (1989). There, the Supreme Court held as follows:

---

[2] The language in RCRA that requires notice to be given is nearly identical to the language contained in the Clean Water Act. *Compare* 42 U.S.C. § 6972(b)(1) *with* 33 U.S.C. §

> [T]he notice and 60-day delay requirements are mandatory conditions precedent to commencing suit under the RCRA citizen suit provision; a district court may not disregard these requirements at its discretion. The parties have framed the question presented in this case as whether the notice provision is jurisdictional or procedural. In light of our literal interpretation of the statutory requirement, we need not determine whether [the notice requirement] is jurisdictional in the strict sense of the term.

*Id.* (citation omitted). At the very least then, the Supreme Court has recognized that there are arguments that the notice requirement, in the RCRA context, is jurisdictional in nature.

Various courts have applied *Hallstrom* to the Clean Water Act's notice requirement. These cases have resulted in a split in authority on whether the Clean Water Act's notice requirement is jurisdictional in nature.[3] The Ninth Circuit Court of Appeals, for instance, has held that the Clean Water Act's notice requirement is jurisdictional in nature. *E.g.*, *Wash. Trout v. McCain Foods, Inc.*, 45 F.3d 1351, 1354-55 (9th Cir. 1995). The Fourth Circuit Court of Appeals, in a Clean Water Act case, reached the same holding as the *Hallstrom* Court and determined that the notice requirement is "mandatory," but that the Fourth Circuit did not need to determine whether that requirement is "'jurisdictional in the strict sense of the term.'" *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 629 F.3d 387, 400 (4th Cir. 2011) (quoting *Hallstrom*, 493 U.S. at 31).

---

1365(b)(1)(A). Both notice provisions were modeled after Section 304 of the Clean Air Amendments of 1970, Title 42, United Stats Code, Section 7604. *Hallstrom*, 493 U.S. 23, 23 n.1.

[3] The Southern District of Iowa recently addressed this issue. In doing so, that court held that "failure to give proper notice [under the Clean Water Act] is a jurisdictional defect necessitating dismissal of the claim." *Hammes v. City of Davenport*, 381 F. Supp. 3d 1038, 1041-42 (S.D. Iowa 2019) (citing *Nat'l Res. Def. Council v. Sw. Marine, Inc.*, 236 F.3d 985, 995 (9th Cir. 2000)). Although that court's decision on this issue is persuasive, it is not binding on this Court. This Court will consider the Southern District of Iowa's analysis in reaching its own conclusion.

Applying *Hallstrom* to RCRA's notice provision, the Seventh Circuit Court of Appeals has opined that "the clear answer is that" the notice requirement is not jurisdictional. *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 492 n.3 (7th Cir. 2011). The substantial similarities between RCRA and the Clean Water Act, including between their notice requirements, renders the Seventh Circuit's analysis persuasive in the Clean Water Act context.

Similarly, the Clean Water Act provides that if the Administrator of the Environmental Protection Agency or a State is "diligently prosecuting a civil or criminal action," under that Act, a citizen may not commence suit. 33 U.S.C. § 1365(b)(1)(B). This provision appears immediately after the notice requirement, in the same subsection. The Fifth Circuit Court of Appeals found that the Clean Water Act's "diligent prosecution" provision is non-jurisdictional. *La. Envtl. Action Network v. City of Baton Rouge*, 677 F.3d 737, 749 (5th Cir. 2012). The Seventh Circuit reached this same holding as to RCRA's diligent prosecution provision. *Adkins*, 644 F.3d at 492.

The body of caselaw on the jurisdictional issue, although informative, does not make clear whether the Clean Water Act's notice provision is jurisdictional in nature. Thus, the Court directs the parties to submit supplemental briefing on the issue. If the notice provision is not jurisdictional in nature, the parties may, but are not required, to address whether defendants' argument that the notice was inadequate was timely, as asserted in response to the amended complaint. Regardless of whether the notice provision is jurisdictional, as articulated above, defendants are directed to more fully explain the basis for their argument that the notice was inadequate. Plaintiff may respond to defendants' more specific arguments, if he wishes to do so.

Further, in *Hallstrom*, the defendant received adequate notice of the alleged RCRA violation. *Id.* at 23. The notice was deficient, however, because, before initiating suit, the plaintiff did not provide notice to the State and to the Environmental Protection

Agency ("EPA") of plaintiff's intent to sue under RCRA. *Id.* at 23-24. The plaintiff provided notice of the suit to the State and to the EPA the day after the defendant served its motion for summary judgment, which was based, at least in part, on the deficient notice. *Id.* Neither governmental body "expressed any interest in taking action against [the defendant]." *Id.* at 24. Thus, it would appear that the defendant faced no prejudice from the plaintiff's failure to strictly comply with RCRA's notice requirement. Even so, the Supreme Court "h[e]ld that where a party suing under the citizen suit provisions of RCRA fails to meet the notice and 60-day delay requirements of § 6972(b), the district court must dismiss the action as barred by the terms of the statute." *Id.* at 33.

In addition to the issues outlined above, the parties are directed to address whether, in the absence of prejudice to defendants, an insufficient notice would still compel the Court to dismiss this case. In addressing this issue, the parties are to state whether the analysis would differ based on whether the notice provision is jurisdictional in nature, as opposed to merely setting forth a condition precedent. If the analysis would differ under the two possibilities, the parties are to engage in both analyses.

Defendants' opening brief on these issues is due no later than **September 9, 2019**. Plaintiff's responsive brief is due no later than **September 23, 2019**.

**IT IS SO ORDERED** this 27th day of August, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa